STATE OF MAINE                              SUPERIOR COURT
AROOSTOOK,ss                                CIVIL ACTION
                                            DOCKET NO. AP-16-05


ERIC FLAHERTY                          )
            Petitioner                 )
                                       )
                                       )
vs.                                    )        DECISION AND ORDER
                                       )
                                       )           RULE 80C APPEAL
                                       )
                                       )
                                       )
                                       )
SECRETARY OF STATE                     )
            Respondent                 )


Eric Flaherty, Petitioner, has filed a Petition for Review pursuant to M.R. Civ. P. 80C and 5 MRSA Section 11001 seeking to overturn the suspension of his driver's license by the Secretary of State. The primary arguments of the Petitioner are that the Hearing Officer was required to find that Petitioner was under the combined influence of both Narcotic Analgesics and Central Nervous System Stimulants, and that there is not substantial evidence to support the decision.

# FACTS

On April 28, 2016, Caribou Police received a telephone complaint from a citizen informant that a pickup with plate "weld it" was operating erratically. (Record, Tab 5, pp. 7-8). Officer Cochran was dispatched who waited along the side of the road, US Route 1, for the vehicle to approach. (Id.). The Officer saw the vehicle approach and pass and it appeared the driver had a cellphone in his hands. (Id.). The Officer pulled out behind the vehicle and conducted a traffic stop. (Id.). The driver did not stop immediately and rolled a distance greater than usual when pulling over. (Id. at 20).

Upon approaching the vehicle and receiving the driver's license and registration, the Officer identified the driver as the Petitioner. As they spoke, the Officer noticed that the Petitioner's speech was slurred, his eyes were watery and bloodshot, and his pupils dilated. (Id. at 9). The Petitioner offered explanations for his erratic operation (rolling a cigarette) and his eyes (little sleep and bright sun). (Id. at 10, 35-37). The Petitioner also told the Officer he had taken prescribed Suboxone earlier that day. (Id. at 10). He denied consuming alcohol that day.

1

Officer Cochran proceeded to conduct field sobriety tests. The first was the HGN test which was negative. (Id.). He then proceeded to have the Petitioner perform the walk-and-turn test. Officer Cochran detected four of eight possible clues, although the Officer acknowledged not instructing the Petitioner to leave his arms down during the test. (Id. at 11). He then had him perform the one-leg stand. The Petitioner was unable to perform this test but he did tell the Officer he had "bad legs and a bad back". (Id. at 11). Next he had the Petitioner perform the Romberg Balance Test, which he performed successfully. (Record, Tab 6).

At that point the Officer transported the Petitioner to the Caribou Police Station for further testing. The intoxilyzer test indicated a zero result, so Officer Cochran, who is also a drug recognition expert, initiated a drug influence evaluation.(Record, Tab 5, p.13). The Officer reiterated his earlier observations of constricted pupils and droopy eyelids. (Id..). Also, the Petitioner was unsuccessful with the finger to nose test. (Id. at pp. 14, 61). And while in the booking room, Officer Cochran noticed that the Petitioner was "on the nod", meaning sitting with his eyes closed, chin on his chest, but responsive to questions. (Id. at pp. 14, 58). In sum, the Officer's findings consistent with narcotic analgesics were constricted pupils, droopy eyelids and being on the nod, lethargy, poor coordination and slurred speech. (Id. at pp.62-63). Officer Cochran also found however in performing the evaluation that the Petitioner's pulse and blood pressure were high, which is not consistent with narcotics. Also not consistent with narcotic analgesics was the Petitioner's ability to accurately estimate time, normal rebound dilation and normal muscle tone. But Officer Cochran testified that positive findings for all of the tests or observations is not required. (Id. at p. 54). Ultimately, Officer Cochran was of the opinion, as a drug recognition expert, that the Petitioner was under the combined influence of CNS stimulants and narcotic analgesics. (Id. at pp. 15-16).

Officer Cochran collected a urine sample from the Petitioner which was sent to the State lab. Per the Certificate of Drug Analysis, the urine sample was positive for Buprenorphine, a narcotic analgesic, and Hydroxyalprazolam, a CNS depressant. (Id. at p. 17; Tab 6).

In a written decision dated September 8, 2016 the Hearing Officer found that the Petitioner did operate a motor vehicle while under the influence of a narcotic analgesic, the presence of which was confirmed by the Certficate of Drug Analysis, and upheld the license suspension. (Record, Tab 3)

## DISCUSSION

In its appellate capacity, the court reviews the decision of the hearing officer for errors of law, abuse of discretion, or findings not supported by substantial evidence on the record. Robinson v. Board of Trustees of Maine State Retirement Sys., 523 A2d 1376,1378(Me. 1987). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." Crocker v. Maine Unemployment Sec. Comm'n., 450 A2d 469, 471 (Me.

1982). The burden of proof is on the Petitioner, as the party seeking to overturn the decision of the administrative agency.

At the administrative hearing before the Secretary of State, the issues and scope were whether:

    A. The person operated a motor vehicle with a confirmed positive blood or urine test for a drug or its metabolite;

    B. There was probable cause to believe that the person was operating a motor vehicle while under the influence of a specific category of drug, a combination of specific categories of drugs or a combination of alcohol and one or more specific categories of drugs; and

    C. The person operated a motor vehicle under the influence of the confirmed drug. Title 29-A,M.R.S. §2453-A(7).

Petitioner does not challenge the issue of whether there was probable cause, subsection B. Rather his challenge is to subsection A and C. In short, Petitioner argues that since Officer Cochran's opinion was that the Petitioner was under the combined influence of narcotic analgesics and CNS stimulants, in order to uphold the suspension the Hearing Officer had to find that the Petitioner was in fact under the influence of both drugs. This reviewing Court disagrees.

Although, Petitioner does not challenge the finding of probable cause, this discussion will begin there. Subsection B requires "probable cause to believe that the person was operating a motor vehicle while under the influence of a specific category of drug, a combination of specific categories of drugs or a combination of alcohol and one or more specific categories of drugs". Id. The totality of information considered by Officer Cochran included the information from the citizen informant, his own observations of the Petitioner, the intoxilyzer results, and the drug influence evaluation. Indeed, it was his opinion the Petitioner was under the combined influence of CNS Stimulants and Narcotic Analgesics. The drug influence evaluation ends, at the signature line, with the following statement: *DRE's Statement of Probable Cause: My basis of probable cause is contained in the attached copy of the DRE report and evaluation, the contents of which, upon knowledge and information that I believe to be true, are incorporated herein by reference and are subject to my undersigned oath.* In other words, the officer's opinions contained in the evaluation are part of the probable cause to warrant the taking of the urine sample for testing.

Certainly, the arresting officer needs to be reasonably accurate in his opinions supportive of probable cause. But there is no legal requirement that the officer's opinions of what drugs an operator is under the influence of be 100% accurate. By way of analogy, it is common for law enforcement, when conducting lawful arrests or searches, to find evidence of criminal conduct unrelated to the original arrest or search. The Law Court has said, "..the 4th Amendment is not offended merely because of the fortuitous discovery of evidence unrelated to the circumstances justifying the search." State v. LeBlanc, 347 A2d 590, 595 (Me. 1975). Although the matter at issue is not a 4th Amendment issue, it is important to bear in my mind the

3

officer's opinions regarding what drugs the Petitioner was under the influence of were part of the totality of evidence supporting his basis for probable cause.

So the issues for appeal pursuant to §2453-A(7) are whether:

A. The person operated a motor vehicle with a confirmed positive blood or urine test for a drug or its metabolite; and
C. The person operated a motor vehicle under the influence of the confirmed drug.

Regarding subsection A, the Hearing Officer found the Petitioner operated a motor vehicle with a confirmed positive urine test for narcotic analgesic. The evidence is clear the Petitioner operated a motor vehicle, and the Certificate of Drug Analysis confirmed positively for the presence of Buprenorphine, a narcotic analgesic. There is nothing in subsection A requiring a positive test for the exact drugs or combination of drugs which satisfied the basis for probable cause pursuant to subsection B.

Regarding subsection C, the Hearing Officer found the Petitioner operated a motor vehicle while under the influence of a narcotic analgesic. Subsection C does require the finding the drug which is the basis for the finding of under the influence be the "confirmed drug". And that was the finding by the Hearing Officer. And note, the finding required pursuant to subsection C is not that the drug be the same drug or combined drugs (or category of drug) which are the basis of probable cause in subsection B.

Otherwise, the Hearing Officer's finding of operation of a motor vehicle while under the influence is supported by substantial evidence on the record. A citizen informant provided information of erratic operation. Officer Cochran observed that the Petitioner did not stop his vehicle as quickly as expected when he pulled out behind him and activated his lights to stop, and rolled a greater distance than usual. The Officer observed the Petitioner to have slurred speech, blood shot eyes and dilated pupils. The Petitioner indicated he had taken Suboxone earlier that day. The Petitioner failed some of the field sobriety tests and demonstrated poor coordination and lethargy. And the Petitioner was observed "on the nod" while in the booking room, certainly an unexpected occurrence given the stress of the situation. At hearing, the Petitioner did provide explanations for some of these findings and observations. But it is always the role of the fact-finder to assess the weight and credibility to be assigned to any witness or evidence. See State v. Black, 2000 ME 211, ¶ 17. The findings and decision of the hearing officer are supported by substantial evidence on the record.

Petitioner's appeal is denied and the suspension of Petitioner's driver's license is affirmed.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: February 17, 2017

_____
Justice, Superior Court

4